# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| ERIC SAMUEL,  #277784, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 3:10-1610-HFF-JRM |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MR. LEORY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Eric Samuel ("Samuel"), is an inmate with the South Carolina Department of Corrections serving a sentence of life without parole ("LWOP") and ten years (concurrent) for assault and battery of a high and aggravated nature ("ABHAN"). He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 29, 2010.  Respondent filed a return and motion for summary judgment on November 10, 2010.  Because Samuel is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 10, 2010 explaining to him his responsibility to respond to the motion for summary judgment. Samuel filed his response to the Respondent's motion on December 8, 2010.  Samuel filed a "Motion for Reconsideration" on April 29, 2011, which seeks an order of this Court directing the state Post Conviction Relief Court to consider one of his claims that was not previously addressed.

## Background and Procedural History

Samuel, armed with a knife, robbed the United States Post Office in Adams Run (Charleston County) on November 7, 2000.  The Postmaster, who personally knew Samuel, was cut during the

1

robbery.  Samuel was arrested the next day for armed robbery and assault and battery with intent to kill ("ABWIK").  He was indicted for armed robbery and ABHAN.  Samuel was represented by Lorelle Proctor, Esquire.  He was found guilty and sentenced under the South Carolina recidivist statute, S.C.Code Ann. § 17-25-45, to LWOP and a ten year concurrent sentence for ABHAN.

A direct appeal was filed by way of an <u>Anders</u>[1] brief through the South Carolina Office of Appellate Defense raising the following issue:

> The lower court erred in denying appellant's motion to suppress the statement given to police because it was not given voluntarily.

Pursuant to state procedure, Samuel filed several *pro se* briefs which are not a part of the record before this Court.  The appeal was dismissed by the South Carolina Court of Appeals on May 15, 2003.  Samuel's motion for a rehearing was denied and the Remittitur was returned on August 6, 2003.

Samuel collaterally attacked his conviction by filing a series of applications for post-conviction relief ("PCRs"):

a.     PCRI, 2003-CP-10-02796

Samuel filed this PCR on July 3, 2003.  Three evidentiary hearings before two judges were held.  Samuel was represented by Joseph E. Cadmus, Esquire, at the last two hearings.  An order of dismissal denying the PCR was issued on February 26, 2008. (App. 429).  The order of dismissal was amended by consent of the parties to include the denial of a claim that Samuel did not receive written notice of the State's intent to seek LWOP as required by S.C.Code Ann. § 17-25-45. (App. 427).  A petition for

---

[1]<u>Anders v. California</u>, 386 U.S. 738 (1967).

writ of certiorari was filed raising the following issues:

1.    Trial counsel erred in failing to object to petitioner's life without parole sentence in the case because petitioner did not receive proper written notice of the state's intent to seek such a sentence per the requirements outlined via S.C.Code Ann. § 17-25-45(H).

2.    Trial counsel erred in failing to object to the sufficiency of the armed robbery arrest warrant in the case when the warrant was predicated upon the police officer's false statement presented to the magistrate regarding the incident. Without the false statement, there was no probable cause to support an armed robbery arrest warrant or charge against petitioner.

After referral from the South Carolina Supreme Court, the Court of Appeals denied the petition for writ of certiorari on December 2, 2009. Samuel's petition for rehearing was denied on January 20, 2010. The Remittitur was returned on February 2, 2010. Samuel's petition for writ of certiorari was rejected by the South Carolina Supreme Court on February 12, 2010.

b.    PCR II, 2008-CP-10-5318

While PCRI was pending, Samuel filed his second PCR on September 18, 2008, asserting ineffective assistance of PCR counsel. PCRII was dismissed as untimely and successive. It does not appear that Samuel sought appellate review.

c.    PCRIII, 2009-CP-10-5947

Samuel filed his third PCR on September 21, 2009, asserting newly discovered evidence of a due process violation, lack of subject matter jurisdiction, and ineffective assistance of counsel. An order of dismissal was filed on October 4, 2010. At the time the Return was filed in the present case, Samuel's appeal of the dismissal of PCRIII was pending.

d.    PCRIV, 2010-CP-1917

On March 9, 2010, while PCRIII was pending, Samuel filed his fourth PCR asserting

3

ineffective assistance of appellate counsel.  A final order of dismissal was entered on

October 25, 2010.  At the time the Return was filed in the present case, the time for

filing a notion of appeal of the dismissal of PCRIV had not expired.

### Grounds for Relief

In his present petition, Samuel asserts he is entitled to a writ of habeas corpus on the

following grounds:

**Ground one**: The Petitioner did not have written notice of the State's intention to seek a sentence of life without parole the Petitioner alleges ineffective assistance of counsel for failure to object to non-compliance of the S.C. Code of Laws Ann. Section 17-25-45(H) regarding the Petitioner's sentence under the S.C. Code of Law Ann. 17-25-45.

> Supporting facts: A proper review of the Petitioner's PCR transcripts which the State made is very clear that PCR the record that the Petitioner was not served with the State's written notice of the State's intention to seek a sentence of life without parole also a proper review of petitioner's trial transcript will clearly reveal no mention of the State serving the Petitioner with the State's written notice of the State's intention to seek a sentence of life without parole and no mention of the Petitioner's trial counsel objecting or making any objections to the Petitioner being sentenced .. (see attached page to this ground in petition).

**Ground two**: Ineffective assistance of counsel when trial counsel erred in failing to object to the sufficiency of the armed robbery and assault and battery of a high and aggravated nature arrest warrants.

> Supporting facts: A proper review of the victim's sign written statement taken by the police officer that appeared before a judge with the victim's sign written statement seeking the armed robbery arrest when the victim's sign written statement clearly did not mention that the Petitioner demanded money from the victim plus a proper review of the Petitioner's trial transcript with the victim testimony in the Petitioner's trial counsel that clearly states that the Petitioner never said give him the money or any words to that effect which the Petitioner's trial counsel did not move to suppress the arrest warrant for armed robbery after the victim testimony to the Petitioner's trial counsel that the Petitioner never said give him the money or any (see attached page to this ground in the federal habeas petition).

4

**Discussion**

A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  The two theories rely on the same rationale.  The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1.    **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i)  there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)  An applicant shall not be deemed to have exhausted the remedies

5

> available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the

6

applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). In Bostic v. Stevenson, 589 F.3d 160, 162-65 (4th Cir. 2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in Marlar, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to Marlar (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[2] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d

---

[2]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  *See* Rose v. Lundy, *supra*.

### 2. Procedural Bypass[3]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.   The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

---

[3]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances.

Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an

actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice.  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997).  To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence.  Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999).  A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence.  Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.    Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents.  Gray v. Netherland, 518 U.S. at 165-66.  It is petitioner's burden to raise cause and prejudice or actual innocence.  If not raised by petitioner, the court need not consider the defaulted claim.  Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Respondent asserts that portions of Samuel's claims are procedurally barred because they were not presented to the South Carolina appellate courts.  In the petition for writ of certiorari, Samuel argued that his trial attorney was ineffective for failing to object because he (Samuel) was not personally served with the LWOP notice and failing to object to the sufficiency of the arrest warrant for armed robbery.  In Ground One of the present petition, Samuel appears to couple a stand alone due process claim based on the failure to provide written LWOP notice with his ineffective assistance of counsel claim.  In Ground Two, Samuel adds a claim that counsel was ineffective for also failing to challenge the warrants for ABWIK and ABHAN.  Neither the due process claim with respect to LWOP notice nor the ineffective assistance claim with respect to the ABWIK and ABHAN were presented to the South Carolina appellate courts.  Samuel does not attempt to show cause and

11

prejudice for his failure to present these aspects of his claims to the South Carolina appellate courts, but generally argues that he has exhausted all claims. (*See* Roseboro response, p. 2). The undersigned concludes that the only grounds for relief properly before this Court are the remaining portions of his grounds which were presented in the petition for writ of certiorari filed in connection with PCRI.[4]

B.  Ineffective Assistance of Counsel

Since Samuel filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

---

[4]Samuel tacitly admits that this due process claim relating to the LWOP notice is procedurally barred.  In his "Motion for Reconsideration" he asks this Court to remand his case for a new hearing because the PCR court in PCRI did not address the claim. This argument appears to be inaccurate as the amendment of the order of dismissal in PCRI appears to include this claim.  However, Samuel failed to include the claim in his petition for writ of certiorari. Since the function of this Court is to review the state court process (*see* discussion below) and this Court has no authority to direct the PCR court to address any claim, Samuel's "Motion for Reconsideration" should be denied.

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986).

In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

> * * *

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added).

<u>Strickland</u> at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the <u>Strickland</u> test. *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

1. LWOP Notice.

Samuel raised issues concerning the LWOP notice in his PCR applications, amendments, and at the hearing. However, the PCR court did not address these issues. The order of dismissal was amended to reflect that the LWOP notice issue was denied. (App. 427). Although the issue was not fully discussed by the PCR court, the issue of ineffective assistance of counsel for failing to object

14

to the allegedly defective LWOP notice was briefed in the petition for writ of certiorari.

South Carolina Code Ann. § 17-25-45 provides for the imposition of LWOP if a defendant has been previously convicted of one or more "most serious" offenses. The statute further provides that if "the solicitor...determines to seek sentencing of a defendant under this section, written notice must be give by the solicitor to the defendant and defendant's counsel not less than ten days before trial." S.C.Code Ann. § 17-25-45(H). However, the South Carolina Supreme Court has ruled that ten days "actual notice" satisfies the statute. James v. State, 372 S.C. 287, 294-295, 641 S.E.2d 899, 904 (S.C. 2007).

James had not been decided at the time of Samuel's trial nor at the time PCRI was filed. However, the Supreme Court had ruled by the time the order of dismissal was issued in PCRI. At the PCR hearing held on January 22, 2007, Samuel testified that he never received the written notice, but was aware that the State was seeking an LWOP sentence because he had been advised of the State's intention by his attorney and she had discussed the issue with him. (App. 358-360). Trial counsel confirmed that she had received the required written notice prior to trial and that she had discussed the State's LWOP notice with Samuel. She also testified that she assumed the State had sent a written notice to Samuel because that was the usual practice. (App. 363-365). It is, therefore, undisputed that Samuel had actual notice of the State's intent to seek an LWOP sentence prior to trial. Even if counsel committed error by failing to object, Samuel cannot show prejudice because by the time the PCR court ruled, the South Carolina Supreme Court had declared that actual notice was sufficient.

2.  Defective Warrant

The affidavit supporting the arrest warrant for armed robbery states that the victim told the

15

investigating officers that Samuel "produced a large knife, forced her to the rear of the Post Office, and demanded money." (App. 451). However, at trial the victim testified that Samuel never said "give me the money," but that she told him "just go ahead and take the money." (App. 93-94). The victim confirmed the other details contained in the arrest warrant, including the fact that Samuel did indeed take the Post Office's money.

Samuel argues that his attorney was ineffective for failing to challenge the indictment because the affiant included a false statement in the affidavit, i.e., Samuel demanded money from the victim. The PCR court found that the inclusion of the incorrect or false statement inserted into the affidavit supporting the armed robbery amounted to "harmless error." (App. 425).

A false or misleading statement in the affidavit of an arrest warrant does not constitute a violation of the Fourth Amendment unless the false or misleading statement is essential to the finding of probable cause. Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir. 1994), quoting Franks v. Delaware, 438 U.S. 154, 156 (1978). The PCR court found that even if the statement about which Samuel complains was false and was not to be considered, the affidavit was sufficient to establish the offense of armed robbery under South Carolina law. Based on this finding, the PCR court concluded that Samuel had not shown that his attorney was ineffective under the Strickland standard.

Samuel has not shown that the South Carolina court's analysis was contrary to or an unreasonable application of Supreme Court precedent.

**Conclusion**

Based on a review of the record, it is recommended that Petitioner's "Motion for Reconsideration" be **denied**, Respondent's motion for summary judgment be **granted**, and the

16

petition be **dismissed,** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

July 8,  2011
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).